**THE UNITED STATES DISTRICT COURT FOR**
**WESTERN DISTRICT OF PENNSYLVANIA**

**PRESLEY DEAN SCHIBERL, individually and on behalf of a class of all persons and entities similarly situated,**

**Plaintiff,**

**vs.** **Case No. ____________**

**SAFEGUARD INSURANCE AGENCY, LLC**

**Defendant.**

# CLASS ACTION COMPLAINT

Plaintiff Presley Dean Schiberl (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of their counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff alleges that Safeguard Insurance Agency LLC (hereinafter referred to as "Defendant") made unsolicited pre-recorded telemarketing calls without their prior express consent and that Plaintiff received such a call.

3. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide Class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff is an individual residing in Clarion County, Pennsylvania which is located in this District.

6. He is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is a limited liability company headquartered in Lauderdale Lakes, Broward County, Florida. It is also registered to do business in Pennsylvania and offers insurance services in Pennsylvania.

**Jurisdiction & Venue**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1331.

9. The Court has personal jurisdiction over Defendant because it made calls into this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim – in particular, the Plaintiff's receipt of the calls – occurred in this District.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

12. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice to any residential telephone number. *See* 47 U.S.C. § 227(b)(1)(B).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

16. In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

17. At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing call at issue.

<u>Calls to Plaintiff</u>

18. Defendant is an insurance agency that offers a range of insurance products.

19. To generate leads, Defendant makes telemarketing calls to consumers who have never had a relationship and who have never consented to receive their calls.

20. Plaintiff's telephone number, (814) XXX-XXXX has been on the National Do Not Call Registry since March 31, 2025.

21. The telephone number is for personal calls only.

22. The telephone number is not used for business purposes.

23. Plaintiff never provided his prior express written consent to receive telemarketing calls from Defendant.

24. Despite this, Plaintiff received at least one pre-recorded call from Defendant.

25. The call came on May 9, 2025 from Caller ID (814) 583-0597.

26. Plaintiff answered the call and spoke with an avatar who asked whether or not Plaintiff was between the ages of 50 and 65.

27. The aforementioned prerecorded call was placed using and beginning with prerecorded voices because: (a) the robot's questions and speech were not consistent with those of a human being, (b) the robot had an identical, generic, monotone voice.

28. After interacting with the avatar, Plaintiff was then transferred to an insurance sales agent identified as Loren Murray.

29. Ms. Murray then provided Plaintiff with a call back number of (877) 893-0302 in case the call was disconnected.

30. The call was disconnected so Plaintiff called Ms. Murray back at the number she provided.

31. Plaintiff spoke with Ms. Murray who asked him a series of questions like how old he was, how much funeral expenses he will have and what his zip code is.

32. The pre-recorded message was not personalized to Plaintiff.

33. Plaintiff's privacy has been violated by the above-described telemarketing call.

34. Plaintiff never provided his consent or requested these calls.

35. Plaintiff and all members of the Class, defined below, were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

## **<u>Class Action Statement Pursuant to LCvR 23</u>**

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

37. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a Class of all other persons or entities similarly situated throughout the United States.

38. The Class of persons Plaintiff proposes to represent is tentatively defined as:

> **<u>Robocall Class:</u>** Plaintiff and all persons within the United States: (1) to whose cellular telephone number, Defendant, or a third party on their behalf, placed a call using pre-record messages (2) within the four years prior to the filing of the Complaint.

39. The Class as defined above is identifiable through phone records, phone number databases, and business and customer records of Defendant.

40. Based on the *en masse* nature of telemarketing, the potential members of the Class likely number at least in the thousands.

41. Individual joinder of these persons is impracticable.

42. The Plaintiff is a member of the class.

43. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a. whether Defendant used a pre-recorded message to make the calls

b. whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls; and

c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

d. Plaintiff's claims are typical of the claims of members of the Class.

44. Plaintiff is adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

46. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

47. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

48. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a pre-recorded message to cellular telephone numbers.

49. The Defendant's violations were negligent, willful, or knowing.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any cellular telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls, except for emergency purposes, utilizing pre-recorded messages;

B. As a result of Defendant's negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for themselves and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel,

By: *_/s/ Jeremy C. Jackson_*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Subject to Pro Hac Vice*